## Case No. 8,221.

### In re LEIGHTON.

[4 Ben. 457;[1] 5 N. B. R. 95.]

District Court, S. D. New York. Jan., 1871.

BANKRUPTCY—PETITION FOR DISCHARGE—JURISDICTION—RESIDENCE.

1. A petition in involuntary bankruptcy was filed on January 21st, 1868, and an adjudication was made on February 1st. on default of the debtor to appear. after personal service. The petition stated that the debtor had resided in this district for six months next preceding the filing of the petition; but the testimony showed that, from May 1st, 1867, to December 7th, 1867, he resided in Boston, and that from that time till the filing of the petition he resided at New York, and did not carry on business anywhere during the six months. The debtor applied for a discharge: *Held*, that the court had no jurisdiction over the case. because the debtor had not resided in the district for the longest period during the six months preceding the filing of the petition.

[Cited. but not followed, in Re Ives, Case No. 7.115.]

2. The restrictions in section 11 of the bankruptcy act [of 1867 (14 Stat. 521)] as to the judge to whom the petition is to be addressed, apply to proceedings under section 39.

[Petition for discharge, in the matter of John Leighton, a bankrupt.]

Hawkins & Cothren, for bankrupt.
George Bliss, Jr., for creditor.

BLATCHFORD, District Judge. In this case a discharge is refused because the court has no jurisdiction over the case. The case is one of involuntary bankruptcy. The creditor's petition alleged that the debtor, for a period of six months next preceding the date of the filing of the petition, had resided at the city of New York. in this district. The petition was filed January 21st, 1868. The adjudication was made February 1st, 1868, on default of the debtor to appear, after personal service. The testimony shows that, from May 1st, 1867, to December 7th, 1867,

the bankrupt resided at Boston, Massachusetts, and that, from the latter date till January 21st, 1868, he resided at New York. Therefore, he did not reside in this district for the six months next immediately preceding the time of filing the petition, or for the longest period during such six months. Nor did he carry on business in this district for such six months or for the longest period during such six months. He did not carry on business anywhere, within the meaning of the act, during any part of such six months. Certainly he did not carry on business in this district for such six months, and, if he carried on business anywhere during any part of such six months, the place where he carried it on for the longest period during such six months that he carried it on anywhere, was Boston.

It is urged that, under section 39 of the act, it is only necessary that a person should reside within the jurisdiction of the United States, and owe debts provable under the act, exceeding the amount of $300, to enable any creditor of his, to the amount of at least $250, to put him into bankruptcy for a cause specified in that section, by proceedings instituted in any district, without regard to the restrictions as to residence and carrying on of business, imposed by section 11, provided the order to show cause be served as provided in section 40. This is an erroneous view of the law. The restrictions in section 11, as to the judge to whom the petition is to be addressed, apply to proceedings under section 39. If not, there is no authority given to any court to hear involuntary proceedings. The 39th section does not say to whom the petition is to be addressed or where it is to be filed; and the 1st section only gives to the district courts, as courts of bankruptcy, authority to hear and adjudicate upon matters and proceedings in bankruptcy. according to the provisions of the act. Such is the view of the justices of the supreme court. In form No. 54, in the schedules to the general orders in bankruptcy, which is the form for a creditor's petition under section 39, the creditor is required to state the jurisdictional facts as to the residence of the debtor in the district where the petition is brought, for the period specified in section 11. A discharge is refused, for want of jurisdiction.